UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISLAND TUG AND BARGE CO., a Washington corporation,<br><br>　　　　　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>Barge PROWEST II, Official No. 573871, in rem, and PRO-WEST CONTRACTORS, LLC, an Alaska limited liability company, and ROBERT GILMAN, in personam,<br><br>　　　　　　Defendants/Counterclaim Plaintiff. | CASE No. C13-0031RSM<br><br>ORDER ON MOTION FOR SECURITY ON COUNTERCLAIMS |
| PRO-WEST CONTRACTORS, LLC, an Alaska limited liability company,<br><br>　　　　　　Third-party Plaintiff,<br>　　v.<br>FRANK ELLEFSEN,<br><br>　　　　　　Third-Party Defendant. | |

　　This matter is before the Court for consideration of a motion by defendant and counterclaim plaintiff Pro-West Contractors, LLC ("Pro-West") for security on the counterclaims. Dkt. # 20. Plaintiff Island Tug filed this complaint in admiralty, seeking to foreclose a maritime lien for towage services. Complaint, Dkt. # 1. Plaintiff alleges that defendants have failed to pay invoices totaling

ORDER - 1

$199,723.14 for towage of the barge ProWest II during the summer of 2012. *Id*., ¶¶ 5.7 - 5.8. The barge was arrested upon motion by plaintiff, but was subsequently released on the parties' stipulation that defendants had posted sufficient security in the form of a Surety Bond. Dkt. # 27. In answering the complaint, defendants asserted four counterclaims against Island Tug and its president, Frank Ellefsen, essentially arguing that the tug was unfit for towing purposes at the outset of the contract period. Dkt. # 13. Pro-West now seeks an Order under Supplemental Admiralty Rule E(7) requiring Island Tug to post security on the counterclaims. Although Island Tug has opposed the motion, the Court finds cause to grant it.

## DISCUSSION

Rule E(7) of the Supplemental Rules for Admiralty and Maritime Claims states in relevant part,

> (a) When a person who has given security for damages in the original action asserts a counter-claim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Supp.R. E(7), Fed.R.Civ.P. ("SAR E(7)").

The purpose of the rule is to "place the parties on a basis of equality as regards security." *Vic Franck's Boat Co. v. Yacht Sunchaser III*, 508 F.Supp. 609, 610 (W.D.Wash. 1981). Although the language of the rule appears mandatory, the Court has discretion to excuse a plaintiff from posting security "for cause shown." *Seaworthy Services, Inc., v. Nanea,* 2009 WL 1174654 at *2 (W.D.Wash.), citing *Vic Franck's Boat Co.,* 508 F. Supp. at 610. The rule is "not intended as an instrument by which a defendant may inhibit the plaintiff's prosecution of its suit." *Whitney-Fidalgo Seafoods, Inc., v. The Miss Tammy*, 542 F.Supp. 1302, 1305 (W.D.Wash. 1982). Nevertheless, courts have found that SAR E(7) "assumes security will usually be required." *MMI International, Inc., v. M/V Skyros*, 1990 WL 304062 at *6 (N.D.Cal.). This is consistent with "the court's obligation to preserve the integrity of maritime liens." *Titan Navigation, Inc., v. Timsco, Inc.*, 808 F.2d 400, 404 (5th Cir. 1987). "These vintage security devices endure and are protected because of their commercial usefulness." *Id*.

In opposing the motion for security, Island Tug asserts that Pro-West's counterclaims are

ORDER - 2

"frivolous, lacking in merit, and advanced for tactical reasons." Plaintiff's Response, Dkt. # 30, p. 7. Island Tug points to the pending motion to dismiss defendant's counterclaims, and argues the merits of the motion. *Id.*, pp. 7 - 9. However, the Court has declined to grant Island Tug's motion to dismiss the counterclaims, and has instead converted it to a motion for summary judgment. Dkt. # 40. Thus the Court cannot find at this time that the counterclaims are frivolous or lacking in merit.

Island Tug further contends that the towage delays of which Pro-West complains in the counterclaims were actually caused by Pro-West. According to Island Tug, it was necessary to stop in Ketchikan for five days on the first northbound journey to wait for Pro-West's employees to arrive to re-stack the load on the barge, because it had shifted. Declaration of Frank Ellefsen, Dkt. # 32, ¶ 6. Island Tug took advantage of this time in port to repair tow pins on the tug which had not operated properly on the voyage. *Id.*, ¶ 7. Pro-West, in reply, disputes this version, noting that the ship's log demonstrates that the tow winch was not working properly from the outset, and that the crew of the tug requested time to make repairs in Ketchikan after proclaiming the vessel unsafe for a Gulf of Alaska crossing. Declaration of Robert Gilman, Dkt. # 36, ¶ 10. According to Pro-West, the shifted load on the barge was not noticed until after the tug docked in Ketchikan for repairs. *Id*. This is a factual dispute which cannot be resolved within this motion.

Plaintiff points to decisions from this Court in 1981 and 1982 for its arguments against posting security for counterclaims, particularly for lost profits. Plaintiff's Response, Dkt. # 30, pp. 6, 11, citing *Vic Franck's Boat Company* and *Whitney-Fidalgo Seafoods, Inc.* However, recent decisions of the district courts in this circuit have concluded that the plain language of SAR E(7) creates a presumption in favor of counter-security. *Seaworthy Service, Inc., v. Nanea*, 2009 WL 1174654 at *2, citing *MMI International, Inc., v. M/V Skyros*, 1990 WL 304062 at *6. The Court finds that is the better approach.

Plaintiff's arguments based on frivolousness of the counterclaims fail to overcome the presumption in favor of counter-security because the Court cannot reach the merits of that argument until it has been briefed in summary judgment proceedings. Nor has plaintiff shown or attempted to show that posting security would be burdensome. The Court will therefore grant the motion for counter-security. However, the Court agrees with plaintiff that the amount requested—$750,000—may be

ORDER - 3

excessive, and will direct that the counter-security be equal to the amount posted by Pro-West as security on plaintiff's claims, or $250,000. This will best effectuate SAR E(7)'s purpose in putting the parties on an equal footing. *Everman v. Crawley,* 1993 WL 468652 at *4 (W.D.Wash.).

      Accordingly, it is hereby ORDERED:

      (1) Pro-West's motion for counter-security pursuant to SAR E(7) is GRANTED IN PART.

      (2) Plaintiff shall post a security bond in the amount of $250,000 within two weeks of the date of this Order.

      (3) The Court declines to enter a stay of proceedings at this time.

DATED July 2, 2013.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER - 4